SCUDDER-GALES GROCERY Co. *v.* REINZI GROCERY Co.

[81 South. 122, Division B.]

JUSTICE OF THE PEACE. *Appeal. Dismissal. Amendment of defects.*

  Where a plaintiff appealed from a justice of the peace court to the circuit court, but the justice failed to certify his record and a motion was made in the circuit court to dismiss the appeal for that reason, whereupon plaintiff moved for a *certiorari* which motion the court overruled and thereupon plaintiff moved the court to set aside the judgment of dismissal and produced the justice in court, who was ready and willing to certify his record, but this motion the court also overruled.   Such action of the court was error, since plaintiff was not guilty of any unreasonable delay and was entitled to his day in court.

APPEAL from the circuit court of Alcorn county.

HON. CLAUDE CLAYTON, Judge.

Action by Scudder-Gales Grocery Company against Reinzi Grocery Company.   From a judgment for de-

fendant in the justice court, plaintiff appealed to the circuit court. Appeal dismissed. From a denial of a motion to re-instate the appeal, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Jas. A. Cunningham,* for appellant.

We submit that courts are organized to effectuate justice and should not suffer wrongs like this where ample remedies are provided by the law. We cite to support this appeal the case of *Redus* v. *Camble,* 37 So. 1010, and earnestly insist that this cause should be reversed with directions to reinstate under the above authority.

*E. C. Sharp,* for appellee.

This cause was tried in the justice court on the 9th day of June, 1917, and judgment rendered for plaintiff for one hundred and ninety and no one-hundredth dollars; on the 21st day of June, 1917, the justice of the peace filed with the circuit clerk of Alcorn county, affidavit and bond, attachment, judgment of the justice court, subpoena for witness for plaintiff, cost bill, appeal bond, notice of attachment to defendant, and certificate of the mailing of notice to defendant. On the 7th day of July, 1918, the civil docket of the circuit court of Prentiss county was called, and this case set for Tuesday for the second week. On the day the case was set for trial, that is to say, on the 16th day of July, 1918, attorney for appellee filed a motion to dismiss the appeal, because the record transmitted to the circuit court by the justice of the peace was incomplete, and that no certificate of the record had been filed. This motion was by the court sustained and the appeal properly dismissed, the court having no jurisdiction to try the cause on the record transmitted. *McPhail* v. *Blann,* 47 So. 666; *Murphey* v. *Hutchinson,* 47 So. 666; *Ball* v. *Sledge,* 82 Miss. 747; *Gardner* v. *Railroad Company,* 78 Miss. 640; *Ruff* v. *Montgomery,* 83 Miss. 184.

After the cause had been dismissed, appellant filed a motion asking permission to then have the justice of the peace to certify to a true transcript of the record, and asked for a writ directing him to do so, this motion was by the court overruled.

We submit that under the ruling in the case of *Redus* v. *Camble,* 37 So. 1010, that had this motion been filed on the first day of the court when the docket was sounded and the case set, the court might properly, in its discretion, have sustained such motion, but the plaintiff also has some rights, and has the right to a speedy termination of his cause, and it would be manifestly unjust, after the cause had been dismissed on the 8th day of the court, to grant an order to make up a record and thereby possibly continue the case for another six months. He cannot be punished because of the fault of the justice of the peace or laches of his opponent.

If a proper transcript has not been properly transmitted to the circuit court, it is the duty of the parties to see that the defect is remedied immediately.

Cook P. J., delivered the opinion of the court.

The appellant lost his case in the court of a justice of the peace and appealed to the circuit court. In the circuit court appellee moved the court to dismiss the appeal, because the justice of the peace had failed to certify the record sent up to the circuit court. Whereupon appellant asked the court to issue a writ of *certiorari* to the justice of the peace commanding him to send up a proper transcript. The court sustained the motion to dismiss and overruled the motion for *certiorari.*

After these orders were made by the court, appellant moved the court to set aside the order dismissing his appeal, and produced the justice of the peace, who was ready and willing to certify the transcript already on file as a true transcript of the record and proceedings

had in his court. This motion was overruled, and appellant appeals to this court.

In our opinion the court erred. It clearly appears that appellant had done everything the law required of him to perfect his appeal. There was no unreasonable delay. The appellant took prompt action, and he was entitled to his day in court. Speed in the administration of the law should be commended; but it should be remembered that courts are organized for the purpose of trying cases on their merits, and this should be done, unless it affirmatively appears that the delay is occasioned by the negligence of the litigant.

Appellee cites, in support of the court's ruling, *McPhail* v. *Blann,* 47 So. 666; *Murphy* v. *Hutchinson,* 47 So. 666; *Ball* v. *Sledge,* 82 Miss. 747, 35 So. 214; and other cases of like import.

A casual reading of these decisions will discover that they are not applicable to the present case. These were cases wherein the record showed that the circuit court had no jurisdiction of the cause, because the cases originated in the court of a justice of the peace, and the justice of the peace had not certified the proceeding in his court. It followed, of course, that the supreme court had no jurisdiction of the appeal, for the circuit court had no jurisdiction to render a judgment.

In the present case the motion to reinstate, in order that the justice of the peace should certify the record in his court, if sustained would have given jurisdiction to the circuit court. It seems to us that the learned trial judge exceeded the speed limit. Appellant was not negligent. It did everything the law required of it. The justice of the peace failed to do his duty, or the certificate was misplaced; in either event, the appellant should not be punished.

*Reversed and remanded.*